## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CLARENCE DOSTER,

        Plaintiff,

v.                                 CIVIL NO. 05-72716
                                       HON. LAWRENCE P. ZATKOFF

FRANCIS J. HARVEY,
SECRETARY OF THE ARMY,

        Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 8, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss, to Strike, and for

Summary Judgment filed on October 5, 2005.  Plaintiff has responded to Defendant's motion, and

Defendant has replied to the response.  Plaintiff has filed an additional reply which will be stricken

from the record.  Plaintiff, who is representing himself, has requested a hearing since he alleges he

does not have a full understanding of the law.  However, the Court notes that Plaintiff has filed

multiple discrimination complaints, participated in a class action lawsuit involving discrimination, and has two master's degrees. Plaintiff also had a sufficient understanding of the law to file the current complaint. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, Plaintiff's motion for a hearing is denied. Pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED.

## II. BACKGROUND

Plaintiff is a 57 year old African American male who works for the Department of Defense. Plaintiff earned a Bachelor's degree in Business Administration, and Master's degrees in Management and Supervision, and Logistics Management. Plaintiff has been employed by the Department of Defense for over 30 years, and has worked as a Logistics Management Specialist since 1989. Plaintiff's current position is rated GS-12.

In June 2001, Plaintiff applied for a GS-13 Logistics Management Specialist position. In October 2001, Plaintiff learned that another individual had been selected for the position. Plaintiff then asked Tamara Salo and Janice Wilson, of the Civilian Personnel Advisory Center, why he had not been interviewed for the position. Salo told Plaintiff that they had no record of his application.

When applicants do not receive consideration for a position through no fault of their own, they are placed on a priority consideration list. Priority consideration allows an applicant to be considered for a vacant position before the competitive selection process begins. However, the selecting official is not required to select an individual on the priority consideration list. In December 2001, Plaintiff was placed on a priority consideration list for the next GS-13 vacancy in

2

his field.

On December 7, 2001, a GS-13 Logistics Management Specialist position became available. John Dugan, the Director of the Heavy Combat, Commodity Business Unit, was the selecting official. On January 14, 2002, Dugan received Plaintiff's priority consideration referral. Dugan reviewed Plaintiff's resume for experience in the areas of National Maintenance Management, Single Stock Fund, On-Line Supply Control Studies, and the Army Working Capital Fund budget stratification process. Experience in these areas was necessary since the selectee would be working as the Requirements Officer in the unit, and would be supervising lower-graded Requirements Officers. Def. Exh. 2 at 9.

Dugan did not see any relevant experience on Plaintiff's resume. Dugan then reviewed Plaintiff's personnel file to determine if there was any additional information on Plaintiff's experience in the desired areas. Dugan testified that he took the extra effort to review Plaintiff's personnel file because he would have preferred to select a priority consideration candidate, as it would eliminate the need to go through the competitive selection process. *Id.* at 10-11. However, after reviewing Plaintiff's file, Dugan determined that Plaintiff did not possess the necessary experience. Thus, he rejected Plaintiff's priority consideration referral. Dugan testified that he had no knowledge of Plaintiff's prior EEOC activity at this time. *Id.* at 10.

On February 13, 2002, Salo informed Plaintiff that he had been given priority consideration for a GS-13 vacancy, but had not been selected. On February 25, 2002, a vacancy announcement for the position was posted. Plaintiff re-applied for the position, and was interviewed with several other candidates. Initially, Joan Casciano, a white female, was selected. However, after a determination that she did not possess a required qualification, Patricia Conroy, a white female, was

3

selected.

In March 2002, Plaintiff contacted an EEO counselor, alleging discrimination and retaliation. On September 8, 2003, the EEOC held a hearing on Plaintiff's complaint. On November 13, 2003, a final agency decision was issued, finding no discrimination or retaliation. The EEOC denied Plaintiff's reconsideration request on April 20, 2005. The instant suit was filed on July 11, 2005.

## III. LEGAL STANDARD

Summary judgment is appropriate only if the answers to the interrogatories, depositions, admissions, and pleadings combined with the affidavits in support show that no genuine issue as to any material fact remains and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted). In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324. The non-moving party must do more than show that there is some metaphysical doubt

4

as to the material facts.  It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment.  *See Moore v. Phillip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

## IV.  ANALYSIS

### A.      Racial Discrimination

Title VII provides, in pertinent part, that "it shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Since Plaintiff relies upon circumstantial rather than direct evidence of discrimination, Plaintiff's discrimination claims are governed by the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The Supreme Court described the burden-shifting framework as follows:

> First, the plaintiff has the burden of proving by  the preponderance of the evidence a prima facie case of discrimination.  Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection."  Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (citations omitted).

To establish a prima facie case in the failure to promote scenario, "a plaintiff must show: (1) that he is a member of a protected class; (2) that he applied and was qualified for a promotion; (3) that he was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions."  *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 614 (6th Cir. 2003).

In this case, Plaintiff has met the first three elements: he is a member of a protected class, he applied for and was qualified for a promotion, and he was considered for and denied the promotion.  However, Plaintiff has not met the fourth element.

In his complaint, Plaintiff alleges that a less qualified white employee was promoted over him.  However, as Defendant points out, during the EEOC hearing Plaintiff specifically stated that he was only challenging his priority consideration, not the actual competitive selection process.

> [Judge Barno]: I would also like to clarify that at the pre-hearing conference I clarified with Mr. Doster the nature of the issue that will be discussed today.  That he is not challenging the competitive selection process, but merely challenging the priority referral; is that correct, Mr. Doster?
>
> Mr. Doster: Yes.

Def. Exh. 1 at 4.  The issue raised at the hearing was whether Defendant discriminated against Plaintiff by not selecting him from his priority consideration.  The EEOC Judge did not consider the actual competitive selection process, because Plaintiff did not allege discrimination in that area. Def. Exh. 2 at 15.

The Court agrees with Defendant that to the extent Plaintiff is now raising issues regarding the competitive selection process, those issues were not administratively exhausted.  The Sixth Circuit has held that "[t]he right to bring an action under Title VII regarding equal employment in the federal government is predicated upon the timely exhaustion of administrative remedies . . . ." *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991).

Thus, for purposes of the instant case, an individual similarly situated to Plaintiff is someone who received priority consideration for a position.  To meet the fourth element of the prima facie case, Plaintiff must show that a non-protected individual received priority consideration for a position, and was selected for the position.  It is not sufficient for Plaintiff to show that a non-

6

protected individual was eventually selected through the competitive selection process, since the competitive selection process was not challenged in the EEOC proceedings.

Plaintiff has failed to demonstrate that a non-protected individual received priority consideration for a position, and was selected for the position. Thus, Plaintiff has failed to establish a prima facie case, and his claim fails as a matter of law.

Even if Plaintiff had established a prima facie case, his claim fails because Defendant has articulated a legitimate, non-discriminatory reason for his non-selection. Defendant claims that Plaintiff was not selected from his priority consideration because he did not have experience in the areas of National Maintenance Management, Single Stock Fund, On-Line Supply Control Studies, and the Army Working Capital Fund budget stratification process. Def. Exh. 2 at 9. Since Defendant has articulated a legitimate, non-discriminatory reason, the burden shifts to Plaintiff to demonstrate pretext.

Plaintiff claims that Defendant has offered inconsistent explanations for his non-selection, which demonstrates pretext. However, Plaintiff has not produced any evidence showing that Dugan, the selecting official, gave inconsistent explanations for his non-selection of Plaintiff. The e-mail from Dugan produced by Plaintiff supports Defendant's explanation that Plaintiff was not selected due to his lack of experience in four critical areas. Plaintiff's Exh. E.

Plaintiff also claims that the four areas were not listed in the position description, demonstrating pretext. However, Defendant produced evidence that the Army uses general and specific position descriptions, and is moving to more generic position descriptions due to the number of positions. Def. Exh. 2 at 19. Defendant also produced evidence that the position in question had a general description, and that the four areas in question were included in the general areas of

7

responsibility listed in the description. *Id.* Thus, the Court agrees with the EEOC Judge that Plaintiff's argument is unpersuasive.

Plaintiff also argues that irregularities with the initial selection of Casciano demonstrate pretext. However, any issues regarding Casciano relate to the competitive selection process, and, as discussed above, the competitive selection process is not under review. Even if it were, Casciano was ultimately not selected for the position, so Plaintiff's arguments do not demonstrate pretext.

Finally, Plaintiff argues that Defendant's failure to immediately provide him with written reasons for his non-selection from a priority consideration demonstrates pretext. However, on January 22, 2002, before the competitive selection process began, Dugan sent an e-mail to another employee, Deborah Brent, detailing why he did not select Plaintiff from his priority consideration. Plaintiff's Exh. E. The e-mail stated Plaintiff was not selected because of his lack of experience in the four critical areas described above. Thus, to the extent Plaintiff is alleging that Defendant's reasons were a later fabrication, this charge is unsupported by the evidence. This argument fails to demonstrate pretext.

Because Plaintiff cannot establish a prima facie case, or demonstrate pretext, his racial discrimination claim fails as a matter of law.

**B.      Gender Discrimination**

Because Plaintiff is a male claiming gender discrimination, this is a reverse discrimination case, and there is an additional element to the prima facie case. *See Yeager v. GMC*, 265 F.3d 389 (6th Cir. 2001). In the reverse discrimination scenario, "to satisfy the first prong of the prima facie case, the plaintiff must demonstrate background circumstances [to] support the suspicion that the

8

defendant is that unusual employer who discriminates against the majority." *Id.* (quotations omitted).

Plaintiff has not produced any evidence demonstrating that Defendant is "that unusual employer who discriminates against the majority." In addition, as discussed above, Plaintiff has not shown that a similarly situated non-protected individual was selected from a priority consideration. Thus, Plaintiff has not made a prima facie case. In addition, as discussed above, Plaintiff cannot demonstrate pretext. Plaintiff's gender discrimination claim fails as a matter of law.

**C.      Retaliation for prior EEOC Activity**

To establish a prima facie case of Title VII retaliation a plaintiff must show that:

(1) [he] engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment.

*Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000). Plaintiff cannot establish a prima facie case, since he cannot demonstrate that Defendant knew of his previous EEOC activity, or that there was a causal connection between his protected activity and his non-selection.

The selecting official, Dugan, claims he did not know of Plaintiff's prior EEOC activity when he did not select Plaintiff from his priority consideration. Def. Exh. 2 at 10. Plaintiff points to a discovery response to prove that Dugan knew of his prior EEOC activity. Plaintiff's Exh. J. However, the response merely states that Dugan discussed Plaintiff's current complaint with Defendant's legal counsel. A conversation about Plaintiff's current complaint does not demonstrate that Dugan knew about Plaintiff's prior EEOC activity at the time of his non-selection. Because Plaintiff cannot establish that Dugan knew of his prior EEOC activity, he has not made a prima facie

case of retaliation.

Even if Plaintiff had established a prima facie case, Defendant has articulated legitimate, non-discriminatory reasons for Plaintiff's non-selection.  As discussed above, Plaintiff cannot demonstrate pretext.  Thus, Plaintiff's retaliation claim fails as a matter of law.

### V.  CONCLUSION

For the above reasons, Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's action is HEREBY DISMISSED with prejudice.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  December 8, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 8, 2005.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

10